IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-01334-TJK |

**DEFENDANTS' POST-HEARING SUPPLEMENTAL SUBMISSION**

Defendants respectfully submit this filing in response to the Court's questions at the June 4, 2025 hearing regarding the statement in the challenged March 2025 guidance that "*[u]pdated guidance on NOFO expectations can be found on Connect*," and that "*[u]pdates reflect alignment with Presidential Executive Orders*," ECF No. 8-2 at 7.  Defendants confirm that the document titled Advancing Equity through Replication of EBPs and Services (TPP 23 Tier 1), ECF No. 8-4 ("Expectations Chart"), is the document referenced on page 7 of the March 2025 guidance.  HHS updated the Expectations Chart in March 2025, consistent with the March 2025 guidance.  The purpose of the Expectations Chart is to provide a "deep dive" into the expectations of the grant program.  *Id.* at 1.  HHS will evaluate applicants' fulfillment of the expectations outlined in that document in tandem with the March 2025 guidance, funding recipients' preexisting obligations to comply with executive orders, and the statutory requirements of the Teen Pregnancy Prevention program.  Any subjective belief by Plaintiffs that they have satisfied the expectations outlined in the Expectations Chart would not entitle them to continuation funding.

Defendants also write to provide their position on Plaintiffs' suggestion that the Court consolidate Plaintiffs' motion for a preliminary injunction with a full consideration of the merits under Rule 65(a)(2) of the Federal Rules of Civil Procedure. *See* Reply in Supp. of Pls.' Mot. for Prelim Inj. at 24 n.11, ECF No. 20. Defendants oppose consolidation. Although Defendants agree with Plaintiffs that further factual development is unnecessary, Defendants may raise additional legal arguments in a Rule 12 motion to dismiss Plaintiffs' complaint, and Defendants would therefore be prejudiced by entry of judgment on the basis of preliminary injunction briefing alone. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (it is "generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits," in part "given the haste that is often necessary" at that early stage).

Dated: June 6, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*