IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>*Defendants*. | No. 25-cv-1334 (TJK) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL SUBMISSION**

Pursuant to the Court's instructions at the June 4, 2025 preliminary injunction hearing, Plaintiffs respectfully submit this response to the government's post-hearing supplemental submission (ECF 22).

The government's supplemental submission underscores both the NCC Notice's fatal vagueness and its binding effect. It pointedly declines to endorse the interpretation the Court offered at the hearing: that the Expectations Chart incorporates any alignment requirement, and that an applicant who meets those expectations satisfies program terms. Instead, the government says that it will evaluate applicants' fulfillment of the expectations outlined in the chart "in tandem with" the NCC Notice, as well as "preexisting obligations" under the NOFO. Thus, the government's submission confirms that the NCC Notice establishes *new* program terms—ones that differ from the preexisting requirements set out in the NOFO and elaborated upon in separate agency guidance. Otherwise, there would be no reason to consider the NCC Notice "in tandem with" other program terms when evaluating applications. How exactly program participants were supposed to reconcile these apparently contradictory instructions remains anyone's guess.

As to consolidation of the preliminary injunction with full merits consideration, the government states that it opposes. But it concedes that "further factual development is unnecessary." The sole case that it cites urges caution before entering final judgment at the preliminary-injunction stage precisely *because* the preliminary-injunction record is typically "less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). But here, as the parties agree, the record is complete. And the Court in *Camenisch* expressly recognized that, "[s]hould an expedited decision on the merits be appropriate, Rule 65(a)(2) of the Federal Rules of Civil Procedure provides a means of securing one." *Id.* Moreover, it would be particularly inappropriate to decline to follow that course where the government had *weeks* since the complaint and motion for preliminary injunction were filed to develop any legal defenses, and offers no explanation of what additional legal defenses it could assert. For the reasons discussed at the hearing, a merits decision on the lawfulness of the NCC Notice before the current funding period ends will best ensure orderly program administration and protect the rights of parties and non-parties alike. If Rule 65(a)(2) provides the only path to such a merits determination, the Court should take it.

Dated: June 9, 2025	Respectfully submitted,

By:	/s/ Andrew Tutt
Drew A. Harker (DC Bar # 412527)
Andrew T. Tutt (DC Bar # 1026916)
Daniel Yablon (DC Bar # 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
draw.harker@arnoldporter.com
andrew.tutt@arnoldporter.com
daniel.yablon@arnoldporter.com

Emily Nestler (DC Bar # 973886)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1100 Vermont Avenue NW
Washington, DC 20005
(202) 973-4800
emily.nestler@ppfa.org

Valentina De Fex *(pro hac vice)*
Kyla Eastling *(pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
valentina.defex@ppfa.org
kyla.eastling@ppfa.org

*Attorneys for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025, the foregoing document was served via ECF to all counsel of record.

*/s/ Andrew Tutt*
Andrew Tutt

*Counsel for Plaintiffs*