IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>*Defendants*. | No. 25-cv-1334 (TJK) |

**JOINT SCHEDULING SUBMISSION**

Pursuant to the Court's Memorandum Opinion and Order of June 26, 2025, the parties submit the below proposed briefing schedules for the parties' cross-motions for summary judgment. To update the Court, all Plaintiffs other than PPMM received informal notice from the Department of Health and Human Services today that their non-competing continuation applications have been granted. After meeting and conferring, the parties were unable to agree on a joint scheduling proposal. Each party's position is set forth below.

**Plaintiffs' Position**

  A. **Proposed Schedule for Plaintiff PPMM**

Plaintiff PPMM respectfully submits that a summary-judgment briefing schedule that allows the Court to decide the parties' cross-motions for summary judgment by July 31, 2025, is appropriate and would obviate the need for PPMM to seek emergency relief from the D.C. Circuit. Today, HHS provided the remaining Plaintiffs informal notice that their Teen Pregnancy

Prevention Program non-competing continuation applications had been granted.[1] As of July 1, TPP Program funding lapsed for PPMM, which determined that it could not adapt its TPP programming to comport with the NCC Notice and did not submit a non-competing continuation application. Although this Court concluded that the harms Plaintiffs face do not qualify as irreparable, there is no factual dispute that PPMM faces severe and immediate harm from a continued lapse in its TPP Program funding. Those harms are already occurring. Consistent with PPMM's declaration in support of Plaintiffs' preliminary-injunction motion, the lapse of PPMM's TPP Program funding has necessitated staff layoffs. And PPMM cannot continue to administer its programming until funding is restored.

A schedule permitting each party one week for its opening submission is more than sufficient, given that the parties have already briefed the vast majority (if not all) of the legal issues involved, the Court has held a lengthy oral argument, and this case has been pending for more than two months. As Defendants acknowledge, "further factual development is unnecessary." ECF 22, at 2. And while Defendants have stated that they "may raise additional legal arguments," *id.*, they have provided no information on what those arguments might be or any reason those arguments would take more than a week to develop.

Defendants' proposal to draw summary-judgment proceedings out to the end of August is unnecessary and unworkable. HHS did not act on non-competing continuation applications from those Plaintiffs who submitted one (or, to Plaintiffs' knowledge, those of any other program participants), until today. That is, the agency took more than *two months* to decide applications. If PPMM prevails, it is difficult to see how under Defendants' proposed timeline the agency could

---

[1] The agency has not yet issued formal notices of awards.

process a renewed application after the Court's decision during the period Defendants have committed to keep TPP Program funds available for obligation.

Accordingly, Plaintiff PPMM proposes the following briefing schedule:

- PPMM shall file its motion for summary judgment by **July 10, 2025**.

- Defendants shall file their cross-motion for summary judgment by **July 17, 2025**.

- PPMM shall file its combined opposition to Defendants' cross-motion for summary judgment and reply in support of its motion for summary judgment by **July 21, 2025**.

- Defendants shall file their reply in support of their cross-motion for summary judgment by **July 25, 2025**.

Plaintiff PPMM further respectfully requests that the Court commit to issue a decision by a date certain, ideally no later than **July 31, 2025**, to provide the parties clarity and allow PPMM to make an informed decision as to whether an emergency application to the court of appeals is necessary.

B. Proposed Schedule for Plaintiffs PPGNY, PPGNHAIK, PPH, and PPCCC

The remaining Plaintiffs, who received informal notice that their applications were granted throughout the day today and have not yet received formal notices of their awards, are continuing to evaluate whether further proceedings are necessary in this litigation to protect their legal rights. Plaintiffs respectfully request that the Court allow them until July 8 to confer internally and with government counsel and to make that determination. In the event the remaining Plaintiffs determine that further proceedings in this litigation are necessary, they are prepared to proceed with summary-judgment briefing under the schedule outlined for PPMM above. Plaintiffs do not believe that it would serve judicial economy or the interests of uniform program administration to

set separate schedules for resolution of PPMM's claims and the identical claims of other Plaintiffs, as Defendants suggest, necessitating multiple rounds of briefing on the same legal issues.

**Defendants' Position**

HHS issued its decisions today to grant continuation funding in the full amount sought to Planned Parenthood of Greater New York (PPGNY); Planned Parenthood of Great Northwest, Hawai'i, Alaska, Indiana, Kentucky (PPGNHAIK); Planned Parenthood California Central Coast (PPCCC); and Planned Parenthood of the Heartland (PPH), which are all the plaintiffs that applied. The awards that those plaintiffs sought will soon be transferred to the Payment Management System where each grantee has an account in which funds are deposited. The awards of continuation funding to those plaintiffs materially changes the posture of this case—as Plaintiffs appear to acknowledge—and the August 31 date until which HHS committed to hold the requested funds therefore no longer has any relevance to those plaintiffs' claims. *See* Mem. Op. at 11, ECF No. 28 ("Plaintiffs identify no imminent deadline after which, assuming HHS grants their applications, the Court will be unable to grant them relief by ordering that their TPP projects be restored to their pre-NCC Notice forms.").

If PPGNY, PPGNHAIK, PCCC, and PPH nevertheless wish to continue to challenge the NCC Notice, there is no exigency to justify expedited merits briefing. Based on the parties' agreement, the Court stayed Defendants' deadline to respond to Plaintiffs' complaint pending resolution of Plaintiffs' preliminary injunction motion. *See* Minute Order (May 19, 2025). Plaintiffs have appealed this Court's denial of their motion for preliminary injunction and have stated that they intend to seek expedited relief on appeal. Accordingly, Defendants propose that the Court stay briefing as to PPGNY, PPGNHAIK, PCCC, and PHH pending a decision from the D.C. Circuit, after which Defendants would move to dismiss under Rule 12.

That leaves Planned Parenthood Mar Monte (PPMM), which, as the Court noted in its recent memorandum opinion, "decided not to even apply" for continuation funding, Mem. Op. at 8, and is in a materially different position than PPGNY, PPGNHAIK, PCCC, and PPH. Defendants propose the following briefing schedule, which would allow for a decision on the merits of PPMM's claims by August 31:

- PPMM to move for summary judgment by July 11, 2025.

- Defendants to oppose PPMM's motion for summary judgment and cross move to dismiss or, in the alternative, for summary judgment by July 25, 2025.

- PPMM to file its combined reply in support of its motion for summary judgment and opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment by August 4, 2025.

- Defendants to file their reply in support of their motion to dismiss or, in the alternative, for summary judgment by August 14, 2025.

Defendants respectfully submit that their proposal would best advance this litigation while conserving the resources of the Court and the parties. Plaintiffs' proposal, by contrast, is unnecessarily compressed and would impose significant burdens on Defendants and their counsel given preexisting deadlines in other cases. In asking the Court to resolve cross motions for summary judgment by July 31, Plaintiffs effectively seek to renew their motion for a preliminary injunction under another guise. The Court, however, has already determined that Plaintiffs (including PPMM) will not be irreparably harmed, if ever, before August 31. Mem. Op. at 18.

Finally, although Defendants believe staying briefing on PPGNY, PPHAIK, PPCCC, and PPH's claims would be most efficient given the ongoing appellate proceedings, if the Court disagrees, Defendants ask the Court to enter Defendants' proposed briefing schedule for PPMM, above, to address all Plaintiffs' claims.

| | |
|---|---|
| Dated: July 2, 2025 | Respectfully submitted, |
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | By:  /s/ Andrew Tutt<br>Drew A. Harker (DC Bar # 412527)<br>Andrew T. Tutt (DC Bar # 1026916)<br>Daniel Yablon (DC Bar # 90022490) |
| MICHELLE R. BENNETT<br>Assistant Director<br>Federal Programs Branch | ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>(202) 942-5000 |
| */s/ Bradley P. Humphreys*<br>BRADLEY P. HUMPHREYS<br>Senior Trial Counsel<br>Federal Programs Branch<br>Civil Division, Department of Justice<br>1100 L Street, NW<br>Washington, DC 20005<br>Telephone: (202) 305-0878<br>Bradley.Humphreys@usdoj.gov | draw.harker@arnoldporter.com<br>andrew.tutt@arnoldporter.com<br>daniel.yablon@arnoldporter.com<br><br>Emily Nestler (DC Bar # 973886)<br>PLANNED PARENTHOOD FEDERATION OF AMERICA<br>1100 Vermont Avenue NW<br>Washington, DC 20005<br>(202) 973-4800<br>emily.nestler@ppfa.org |
| *Counsel for Defendants* | Valentina De Fex (*pro hac vice*)<br>Kyla Eastling (*pro hac vice*)<br>PLANNED PARENTHOOD FEDERATION OF AMERICA<br>123 William Street, Floor 9<br>New York, NY 10038<br>valentina.defex@ppfa.org<br>kyla.eastling@ppfa.org<br><br>*Attorneys for Plaintiffs* |