IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>*Defendants*. | No. 25-cv-1334 (TJK) |

### PLAINTIFFS' PROPOSED BRIEFING SCHEDULE

Pursuant to the Court's Order of July 3, 2025, Plaintiffs respectfully submit the below proposed briefing schedule for the parties' cross-motions for summary judgment.

**A. Proposed Schedule for Plaintiff PPMM**

Plaintiff PPMM respectfully submits that a summary-judgment briefing schedule that allows the Court to decide the parties' cross-motions for summary judgment by August 8, 2025, is appropriate and would obviate the need for PPMM to seek emergency relief from the D.C. Circuit. On July 2, HHS provided the remaining Plaintiffs informal notice that their Teen Pregnancy Prevention Program non-competing continuation applications had been granted. As of July 1, TPP Program funding lapsed for PPMM, which determined that it could not adapt its TPP programming to comport with the NCC Notice and did not submit a non-competing continuation application. Although this Court concluded that the harms Plaintiffs face do not qualify as irreparable, there is no factual dispute that PPMM faces severe and immediate harm from a continued lapse in its TPP Program funding. Those harms are already occurring. Consistent with PPMM's declaration in

support of Plaintiffs' preliminary-injunction motion, the lapse of PPMM's TPP Program funding has necessitated staff layoffs. And PPMM cannot continue to administer its programming until funding is restored.

A schedule permitting one week for production of the administrative record and for each party's opening submission is more than sufficient, given that the parties have already briefed the vast majority (if not all) of the legal issues involved, the Court has held a lengthy oral argument, and this case has been pending for more than two months. As Defendants acknowledge, "further factual development is unnecessary." ECF 22, at 2. And while Defendants have stated that they "may raise additional legal arguments," *id.*, they have provided no information on what those arguments might be or any reason those arguments would take more than a week to develop.

Defendants' proposal to draw summary-judgment proceedings out to the end of August is unnecessary and unworkable. HHS did not act on non-competing continuation applications from those Plaintiffs who submitted one (or, to Plaintiffs' knowledge, those of any other program participants), until last week. That is, the agency took more than *two months* to decide applications. If PPMM prevails, it is difficult to see how under Defendants' proposed timeline the agency could process a renewed application after the Court's decision during the period Defendants have committed to keep TPP Program funds available for obligation.

Accordingly, Plaintiff PPMM proposes the following briefing schedule:

- Defendants shall file the administrative record by **July 14, 2025**.
- PPMM shall file its motion for summary judgment by **July 17, 2025**.
- Defendants shall file their cross-motion for summary judgment and opposition to PPMM's motion for summary judgment by **July 24, 2025**.

2

- PPMM shall file its combined opposition to Defendants' cross-motion for summary judgment and reply in support of its motion for summary judgment by **July 28, 2025**.

- Defendants shall file their reply in support of their cross-motion for summary judgment by **August 1, 2025**.

Plaintiff PPMM further respectfully requests that the Court commit to issue a decision by a date certain, ideally no later than **August 8, 2025**, to provide the parties clarity and allow PPMM to make an informed decision as to whether an emergency application to the court of appeals is necessary.

**B. Proposed Schedule for Plaintiffs PPGNY, PPGNHAIK, PPH, and PPCCC**

The remaining Plaintiffs, who received informal notice that their applications were granted last week and began receiving formal notices of their awards only today, are continuing to evaluate whether further proceedings are necessary in this litigation to protect their legal rights. Plaintiffs are currently reviewing their notices of awards and respectfully request that the Court allow them until July 10 to confer internally and with government counsel and to make that determination. In the event the remaining Plaintiffs determine that further proceedings in this litigation are necessary, they are prepared to proceed with summary-judgment briefing under the schedule outlined for PPMM above. Plaintiffs do not believe that it would serve judicial economy or the interests of uniform program administration to set separate schedules for resolution of PPMM's claims and the identical claims of other Plaintiffs, as Defendants have suggested, necessitating multiple rounds of briefing on the same legal issues.

Dated: July 7, 2025	Respectfully submitted,

By:	*/s/* Andrew Tutt
Drew A. Harker (DC Bar # 412527)
Andrew T. Tutt (DC Bar # 1026916)
Daniel Yablon (DC Bar # 90022490)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
draw.harker@arnoldporter.com
andrew.tutt@arnoldporter.com
daniel.yablon@arnoldporter.com

Emily Nestler (DC Bar # 973886)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1100 Vermont Avenue NW
Washington, DC 20005
(202) 973-4800
emily.nestler@ppfa.org

Valentina De Fex *(pro hac vice)*
Kyla Eastling *(pro hac vice)*
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
valentina.defex@ppfa.org
kyla.eastling@ppfa.org

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, the foregoing document was served via ECF to all counsel of record.

                                              */s/ Andrew Tutt*
                                              Andrew Tutt

                                              *Counsel for Plaintiffs*