**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PLANNED PARENTHOOD OF GREATER NEW YORK, *et al.*, <br><br>      *Plaintiffs*, <br><br>   v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br>      *Defendants*. | Case No. 1:25-cv-02453-BAH |

**MOTION FOR TRANSFER OF CASE PURSUANT TO LOCAL RULE 40.5(c)**

Pursuant to Local Civil Rule 40.5(c), Defendants hereby move to transfer this matter (*PPGNY II*) to the Calendar and Case Management Committee in order to consider reassignment of the matter to Judge Kelly, who presided over a related matter, *Planned Parenthood of Greater New York v. U.S. Dep't of HHS*, Case No. 1:25-cv-01334-TJK (filed May 1, 2025) (*PPGNY I*), that Plaintiffs voluntarily dismissed on July 11, 2025. Defendants will provide notice of the filing of this motion to Judge Kelly.

Defendants conferred with Plaintiffs on August 8 as to the substance of this motion, and Plaintiffs are opposed to the relief sought. Plaintiffs state their position as follows:

> Plaintiffs oppose this motion insofar as it is precluded by Local Rule 40.5(c)(3), which, as noted in the comment, "eliminated the provision . . . that permitted a party to appeal to the Calendar and Case Management Committee an individual judge's decision with respect to whether cases are related because the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues."

Defendants do not agree with this interpretation of the comment to Local Rule 40.5(c)(3). The comment refers to a prior procedure in which a litigant dissatisfied with a district judge's order

determining that a case did not meet the criteria for related case designation could appeal that determination to what was then known as the Calendar Committee, which would assign the issue to another judge of this court for review. *See Dale v. Executive Office of President*, 121 F. Supp. 2d 35, 36 (D.D.C. 2000) (Urbina, J.) (affirming district judge's order rejecting a related case designation after appeal procedure was invoked under prior version of Local Rule 40.5).[1] The Court has yet to issue such an order with respect to Defendants' related case designation, and thus this appeal-precluding language does not apply to this case.

## BACKGROUND

Plaintiffs, along with two other Planned Parenthood entities, filed the *PPGNY I* lawsuit on May 1, which was randomly assigned to Judge Kelly. *PPGNY I*, ECF No. 1. They moved for a preliminary injunction on May 12. *Id.*, ECF No. 8. In that case, Plaintiffs sought to challenge guidance issued by HHS in March 2025 regarding Plaintiffs' applications for annual continuation funding of their Teen Pregnancy Prevention ("TPP") Program project grants. *PPGNY II*, Transcript of TRO Hearing 7–8, ECF No. 18 ("Transcript"). The guidance requested alignment by grantees with a variety of recently issued executive orders reflecting Executive Branch policy relevant to the TPP Program. Judge Kelly denied the preliminary injunction motion, holding that, regardless of whether the applications were ultimately granted or denied, Plaintiffs had failed to show irreparable harm. 2025 WL 1768100 (D.D.C. June 26, 2025).

Plaintiffs received notice that their applications were granted on July 2, 2025. Transcript at 8. Attached to the emails providing this notice was a "policy notice" intended to "clarify OASH policy for Teen Pregnancy Prevention Program (TPP Program) grant recipients." Off. of the Ass't

---

[1] The order that was appealed in *Dale* can be found at Case No. 1:99-cv-02453-RMU, ECF No. 7 ("ORDER by Judge Royce C. Lamberth : Determining that this case does not meet criteria for related case designation; transferring case to Calendar Committee for random reassignment.").

Sec'y of Health, U.S. Dep't of Health & Human Servs., *OASH Teen Pregnancy Prevention Program Policy Notice* 1 (July 1, 2025) ECF No. 3-4 ("OASH Notice"). Plaintiffs received their Notice of Award on July 8. That same day, Judge Kelly set an expedited briefing schedule that would have resulted in full summary judgment briefing of Plaintiffs' claims by August 21, 2025. Plaintiffs voluntarily dismissed *PPGNY I* on July 11, 2025, *id.*, ECF No. 34.

Plaintiffs, all of whom were parties to *PPGNY I*, filed *PPGNY II* on July 29, 2025, and moved for a temporary restraining order the same day. The complaint and motion focus on the OASH Notice, which provides further guidance consistent with the March 2025 guidance regarding alignment with pertinent executive orders. As Plaintiffs put it, "[a]lthough HHS granted Plaintiffs' NCC applications notwithstanding their refusal to certify compliance with the Executive Order 'alignment' requirements, the [OASH Notice's] effect is to reimpose that *same unlawful requirement* (and more) via a new agency action, under the threat of more expansive enforcement mechanisms." *PPGNY II*, TRO Mot. 5, ECF No. 3-1 (emphasis added). Plaintiffs did not indicate *PPGNY II* was related to *PPGNY I* at the time of filing. As such, the clerk's office, following standard procedures, randomly assigned it to Judge Howell. Defendants promptly notified the Court of the related case status. ECF No. 7. At the hearing on the motion for a temporary restraining order, the Court stated that the new case was "very similar" to *PPGNY I.* Transcript at 7. The Court denied the motion for a temporary restraining order from the bench, again on irreparable harm grounds.

## ARGUMENT

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *United States v. Volvo Const. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (quoting *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)).

3

Nonetheless, Local Civil Rule 40.5 allows for the reassignment of related cases, regardless of when the existence of a related case is made known to the Court. Local Civ. Rule 40.5(c)(1) (procedures when existence of related case is noted at the time of the complaint); *id.* 40.5(c)(2) (procedures when existence of related case is "revealed after the cases are assigned"). The related case rule exist "for a reason": it "conserve[s] judicial resources, give[s] parties prompt attention before the same judge who is familiar with the case," and "avoid[s] judge shopping." Transcript at 11–12.

With respect to dismissed cases, the related case rule casts a wide net. A newly filed case is considered "related" to a dismissed case if it "involve[es] the same parties and relat[es] to the same subject matter." Local Civ. R. 40.5(d)(4). When the existence of a related case is revealed *after* filing, the judge to whom the case is assigned "may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." *Id.* 40.5(c)(2).

That remedy is plainly warranted here. Both *PPGNY I* and *PPGNY II* relate to the subject of Plaintiffs' third-year continuation TPP Program grants. Indeed, Plaintiffs explicitly framed this new case as challenging an agency document that allegedly imposed "the same unlawful requirement" at issue in *PPGNY I*. *PPGNY II*, TRO Mot. 5. Plaintiffs have argued that *PPGNY II* challenges a "distinct" agency action from the one at issue in *PPGNY I*. Transcript at 12. Yet Plaintiffs were aware of this action before they chose to voluntarily dismiss *PPGNY I*. *Id.* at 14–15. Plaintiffs claim that it was only "[a]fter further evaluation" of the OASH Notice in the interim between their decision to voluntarily dismiss *PPGNY I* and the filing of *PPGNY II* that they concluded the OASH Notice went "beyond the executive order alignment requirement" of HHS's March guidance. Transcript at 12. Assuming that is true, those would be grounds to amend the complaint in *PPGNY I*, but it is irrelevant to whether the cases are "related."  For previously dismissed cases, Local Rule 40.5 does not require that the second-filed case have the "same" or

"identical" subject matter as the first-filed case. As long as the cases involve the same parties (which is indisputably true), the second case only need "relate" to the "same subject matter" of the first case. That broad standard makes sense, as it empowers the Calendar and Case Management Committee of this Court, in cooperation with the judge who handled the first-filed case, to make the assignment decision, instead of the plaintiffs arrogating that choice to themselves.

Because *PPGNY I* and *PPGNY II* involve the same parties and relate to the same subject matter, the Court should transfer this matter to the Calendar and Case Management Committee in order to consider reassignment of the matter to Judge Kelly.

A proposed order is attached.

Dated: August 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Michael J. Gerardi*
MICHAEL J. GERARDI
(D.C. Bar No. 1017949)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-0680
Michael.J.Gerardi@usdoj.gov

*Counsel for Defendants*